# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cr-74

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| REGINALD DAUSHAWN EARL TATE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 406). The Government has responded in opposition to the motion. (Doc. No. 418).

## I. BACKGROUND

On June 29, 2016, Defendant pleaded guilty to three counts of Hobbs Act Robbery Conspiracy, 18 U.S.C. § 1951 and one count of Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). On September 7, 2017, this Court sentenced Defendant to 187 months of imprisonment.

Defendant is currently being held at USP Terre Haute in Terre Haute, Indiana. Defendant has served 6 years, 2 months, and 7 days of that sentence as of February 22, 2022. This amounts to 39.7% of Defendant's full term and 46.3% of Defendant's statutory term. Defendant's projected release date is April 22, 2029. Defendant's Home Detention Eligibility Date is October 22, 2028.

On January 28, 2022, Defendant filed a pro se, hand-written motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A), on the claimed grounds of rehabilitation; personal safety; family care, and COVID-19. On February 7, 2022, the Court ordered the Government to

1

respond. (Doc. No. 409). The Government filed its response in opposition on February 28, 2022. (Doc. No. 418).

## II.      DISCUSSION

Once a defendant properly exhausts his administrative remedies, this Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. That policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release.

In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, the Court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). The Court still may consider § 1B1.13 factors, however, because that Section "remains helpful guidance even when motions are filed by defendants." Id. at 282, fn.7. As the movant, Defendant still bears the burden of establishing that he is eligible for a sentence reduction, and that includes

establishing that "extraordinary and compelling reasons" justify his request. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Courts have held that the COVID-19 pandemic, by itself, is not a sufficient basis for compassionate release. See, e.g., United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release …..") and United States v. Burks, 2021 WL 1394857, at *3 (W.D.N.C. Apr. 13, 2021)(Cogburn, J.) ("[T]he continued threat of COVID-19 is not an extraordinary and compelling reason for release.").

Defendant's motion cites a variety of claimed grounds for compassionate release: rehabilitation; personal safety; family care; and COVID-19. None of these grounds constitutes an extraordinary and compelling reason for allowing Defendant to be released early.

First, as to Defendant's statements about the positive changes he has made in prison, it is well settled that rehabilitation alone does not constitute an extraordinary and compelling reason for compassionate release.[1] 28 U.S.C. § 994(t).

Next, Defendant's concerns for his personal safety in prison do not amount to an extraordinary and compelling reason for compassionate release. Defendant claims in his motion that the Bloods gang has a "hit" out on him for his cooperation with the Government. The

---

[1] Defendant states he has taken over 39 vocational and educational programs in the BOP. Defendant reports he has a job helping inmates deal with drug problems and suicidal feelings. Defendant also asserts he is current in paying his Inmate Financial Responsibility and has not missed a payment. Finally, Defendant states he has the skills to work as a barber or a forklift operator.

3

Government states in its response that it recognizes that Defendant has a reasonable concern for his safety of harm from the United Blood Nation gang within the BOP for his cooperation with the Government in the prosecution of Bloods gang members in the years 2010 to 2011. However, the Government contends possible physical harm from other inmates in the BOP is not an extraordinary and compelling reason for compassionate release. The Court agrees. An inmate's reasonable fear of assault by other inmates within the BOP is not an extraordinary or compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Moreover, U.S.S.G. § 1B1.13 provides no support for fear of physical harm in prison to be considered an extraordinary and compelling reason for compassionate release. Finally, there is no reason to believe early release of Defendant from prison would end or lessen any threat to defendant since the United Blood Nation is unfortunately active outside of prisons. Defendant's fears for his safety are not an extraordinary and compelling reason for compassionate release.

Defendant next claims his desire to provide family care for his mother is an extraordinary and compelling reason for compassionate release. Defendant states in his motion that the nursing home where his mother was staying has closed. Defendant asserts that his mother now lives with family but has no one to help her get around or to take her to medical appointments.

Defendant's motion does not fit under the "Family Circumstances" definition of extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.3 cmt. n.1(C), which defines "extraordinary and compelling" reasons for compassionate release as: (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Thus, the justification the defendant cites for compassionate release falls short of the guideposts that U.S.S.G. § 1B1.3

4

cmt. n.1(C) provides. See, e.g., United States v. Gaskin, No. 15-cr-352, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020) (explaining that the desire to care for elderly parents does not qualify as extraordinary); United States v. Henry, No. 13-cr-91, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020) ("Care of parents is not a qualifying basis for release."); United States v. Ingram, No. GJH-15-392, 2020 WL 3183698, at *2 (D. Md. June 15, 2020) (explaining that defendant's desire to care for his mother, who is nearing 60 and has risk factors, is insufficient to justify release).

Next, Defendant's generalized claim of a risk of contracting COVID-19 in the BOP does not equate to an extraordinary and compelling reason for compassionate release. Defendant claims in his motion that cases of COVID-19 are on the rise at USP Terre Haute and that this generalized risk of contracting COVID-19 amounts to an extraordinary and compelling reason for his compassionate release. As of February 27, 2022, there are seven (7) inmates and one (1) staff member at USP Terre Haute who are positive for COVID 19.[2] Seven hundred and nine (709) inmates and thirty-four (34) staff members have recovered from COVID 19 at USP Terre Haute since the start of the pandemic.[3] These statistics reveal the level of infection is not on the rise at USP Terre Haute.

Moreover, Defendant's medical records show he does not have any high-risk factors for COVID-19. Defendant is thirty-four years-old and is 5' 7" tall.[4] Defendant's medical records show on February 10, 2022, defendant weighed approximately 140 lbs.[5] Defendant's medical

---

[2] https://www.bop.gov/coronavirus/index.jsp (accessed February 27, 2022).
[3] Id.
[4] Defendant's Final PSR, dated September 23, 2016, p. 3.
[5] Defendant's BOP Medical Records, February 10, 2022.

records do not contain any evidence of any of the CDC-recognized high risk factors for COVID-19.

The Court further notes that Defendant's medical records show that he refused the first shot of the Pfizer BioNTech and the first shot of the Moderna vaccines before accepting the first shot of the Moderna vaccine on November 23, 2021. Defendant subsequently refused the second shot of the Moderna vaccine when offered it on December 11, 2021 and on January 5, 2022. An inmate's refusal to take an approved COVID-19 vaccine undermines a defendant's claim COVID-19 presents an extraordinary and compelling reason for release. See United States v. Patterson, 3:03cr37, 2021 WL 1553824, at *3 (W.D.N.C. Apr. 20, 2021).

Even if Defendant had demonstrated an extraordinary and compelling reason for compassionate release, the statutory sentencing factors weigh against release. Section 3582(c)(1)(A) requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) before reducing a defendant's sentence. Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." United States v. Prater, No. 3:13-cr-133 (DJN), 2021 WL 54364, at *4 (E.D. Va. Jan. 6, 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to "consider the kinds of sentences available and the sentencing range established for the offense." United States v. Nabaya, No. 3:17-cr-3, 2021 WL 54361, at *4 (E.D. Va. Jan. 6, 2021) (quoting 18 U.S.C. § 3553(a)(4)).

Further, the Sentencing Commission policy statement, U.S.S.G. § 1B1.13, instructs courts to consider the factors set forth in 18 U.S.C. § 3142(g), including "the nature and

circumstances of the offense charged …; the history and characteristics of the person …; [and] the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Id. (quoting 18 U.S.C. § 3142(g)).

Here, the nature and circumstances of Defendant's offense conduct militate against release and show Defendant is a danger to the community. Defendant was involved in the robbery of multiple stores in Gastonia, North Carolina in December 2015 and January 2016, and brandished a firearm in connection with at least one of the robberies. Thus, the sentencing factor that weighs most heavily is the need to protect the public from Defendant. This offense conduct demonstrates Defendant is a danger to the community, and such danger outweighs any asserted extraordinary and compelling grounds for compassionate release.

Additionally, Defendant's history and characteristics weigh heavily against him. He has an extensive criminal history, in addition to the instant offenses for which he is imprisoned, including conspiracy to commit robbery with a dangerous weapon in Mecklenburg County, North Carolina, in July 12, 2006; possession of firearm by a felon, a violation of 18 U.S.C. § 922(g)(1), in this Court on January 23, 2013; and four counts of burglary and two counts of racketeering, in Douglas County, Georgia, on October 7, 2013.

In sum, the need to have a sentence that reflects the seriousness of the offense, Defendant's history and characteristics, the need for specific deterrence, and the need to protect the public from further crimes of Defendant all weigh against granting compassionate release. Put another way, Defendant's "continued disregard for the law shows that he presents a danger to the community and should not be immediately released." Nabaya, 2021 WL 54361, at *6 (denying compassionate release where the defendant "claim[ed] sovereign citizenship and

7

generally defie[d] Court orders and the rule of law"). Accordingly, the Court denies Defendant's motion because the 18 U.S.C. § 3553(a) factors weigh heavily against releasing him.[6]

Having thus considered Defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 406), is **DENIED**.

Signed: March 18, 2022

Max O. Cogburn Jr.
United States District Judge

---

[6] To the extent Defendant alternatively requests that the Court order BOP to place him in home confinement, the Court lacks jurisdiction to enter such an order.