UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-74-MOC-SCR-1

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| REGINALD DAUSHAWN EARL TATE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Vacate Conviction and Sentence Under 28 U.S.C. Section 2255.[1]  [Doc. 486].

The Defendant pleaded guilty to: Hobbs Act robbery conspiracy of a Kay Jewelers (Count One), an Advance Auto Parts (Count Four), and a Bath and Body Works (Count Seven) in violation of 18 U.S.C. § 1951; and one count of brandishing a firearm during and in relation to a crime of violence and aiding and abetting the same, i.e., the conspiracy charged in Count One as well as the Hobbs Act robbery of the Kay Jewelers charged in Count Two, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three). [See Doc. 3 (Indictment); Doc. 85 (Plea Agreement)]. As part of a negotiated plea agreement, the United States dismissed the Kay Jewelers robbery (Count Two) as well as an additional Hobbs Act conspiracy charge (Count Five); two additional § 924(c) brandishing charges (Counts Six and Nine); an attempted Hobbs Act robbery (Count Eight), and a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Ten). [Id.]. As part of the plea, the Defendant admitted that he is "in fact guilty as charged in Counts One (1), Three

---

[1] The Defendant filed a second Motion to Vacate that appears to be identical to the original Motion to Vacate except for formatting and the signature date. [Doc. 490]. The Clerk will be instructed to strike it as a duplicate filing.

(3), Four (4) and Seven (7)." [Doc. 85 at ¶ 1; see also Doc. 296 at 28 (Rule 11 Transcript)]. At the Rule 11 hearing, the Defendant confirmed that he is guilty of those offenses and he also stated that he read, understood, and agreed with the Factual Basis which states in part:

> At approximately 11:40 PM on December 29, 2015, S.B., an employee of the Kay Jewelers store located in the Eastridge Mall in Gastonia (246 North New Hope Road), left the store to make the store's nightly deposit at the Bank of America bank branch approximately half a mile down the road (355 South New Hope Road). As S.B. was behind the wheel of his vehicle at the drive-through deposit drop, a black male later identified as the defendant (TATE) approached. TATE was wearing a white hooded sweatshirt with a unique yellow and blue design on the left chest, and yellow and blue cuffs and waistband. He pointed a black handgun at S.B., demanded and obtained the Kay Jewelers money bag from him, and fled the scene on foot. The bag contained approximately $4,000 in cash, which was the property of Kay Jewelers.
> …
> Subsequent investigation further led to the interview of Shareka Nicole JONES, a.k.a. "Nicki" (JONES). JONES indicated that on December 19, 2015, she was in bed with TATE when TATE received a call from CURRY. After speaking with CURRY, TATE left, and came back later that night (or early morning) and indicated that he had just committed the Kay Jewelers bank drop robbery with assistance from CURRY.
>
> Since his arrest immediately following the Bath and Body Works robbery (January 19, 2016) described below, TATE has admitted to receiving a call from CURRY on the night of December 19th, with instructions to "do the lick." CURRY then gave TATE specific directions as to when and where to be (at the Bank of America on South New Hope Road) to rob the Kay Jewelers employee of the deposit bag. TATE further indicated that shortly after the December 19th robbery, he met up with CURRY, whom TATE owed several thousand dollars, and gave CURRY a significant portion of the Kay Jewelers deposit bag robbery proceeds.

[Doc. 86 (Factual Basis)] (paragraph numbers omitted); [Doc. 296 at 19].

The PSR reflects that the Defendant provided a written statement to the probation officer admitting his involvement in the offense, stating inter alia that he "accepts responsibility for all of his criminal conduct…." [Doc. 165 at ¶ 27 (PSR)]. The PSR notes that, if the Defendant had been found guilty of the dismissed charges at trial, he would have been subjected to two additional 25-year consecutive sentences based on violations of § 924(c). [Id. at ¶ 114].

The Court sentenced Defendant to a total of 187 months' imprisonment. [Doc. 283 (Judgment)].[2] On direct appeal, the Defendant argued, *inter alia,* that the § 924(c) conviction is invalid because he only pleaded guilty to conspiracy to commit Hobbs Act robbery, and not to a Hobbs Act robbery; and that counsel provided ineffective assistance. [See 4th Cir. Case No. 17-4599, Doc. 66]. The Fourth Circuit dismissed in part and affirmed in part the Defendant's direct appeal, finding that the challenges to his conviction and sentence are barred by the appellate waiver in his Plea Agreement, and that his claims of ineffective assistance of counsel are not cognizable on appeal. United States v. Tate, 2022 WL 4244505 (4th Cir. Sept. 15, 2022). The Supreme Court denied certiorari on February 21, 2023. Tate v. United States, 143 S.Ct. 841 (2023).

The instant petition for § 2255 post-conviction relief was docketed on January 9, 2024.[3] Defendant raises a single claim: that he is actually innocent of the § 924(c)(1)(A) conviction in Count Three because Hobbs Act conspiracy is not a valid predicate offense pursuant to United States v. Davis, 139 S.Ct. 2319 (2019) and In re Thomas, 988 F.3d 783 (4th Cir. 2021). The Defendant asks the Court to vacate Count Three, and to leave the rest of the Judgment intact. [Doc. 486 at 4].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

---

[2] The appeal in the instant case was consolidated with the appeal from the judgment imposed after Defendant was found guilty of and sentenced to six months in prison for violating the terms of his previously imposed supervised release, Case No. 3:10-cr-180-MOC-1.

[3] The petition was signed on January 4, 2024 but the Defendant does not certify the date upon which he deposited it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson v. United States, 576 U.S. 591 (2015), to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019); see In re Thomas, 988 F.3d 783, 789 (4th Cir. 2021) (holding that Davis applies retroactively to cases on collateral review). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that Hobbs Act robbery qualifies categorically as a crime under the force clause of § 924(c)(3)(A), even under an aiding and abetting theory. United States v. Mathis,

932 F.3d 242, 266 (4th Cir. 2019); United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021) (aiding and abetting a crime of violence also qualifies as a crime of violence). However, conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence and, thus, it is an invalid § 924(c) predicate. See United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc).

The Fourth Circuit has held that "a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following Johnson and its progeny," and it "extend[ed] that holding to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." United States v. Crawley, 2 F.4th 257, 263 (4th Cir. 2021).

Here, Count Three of the Indictment expressly charged a § 924(c) offense based on the invalid predicate of Hobbs Act conspiracy in Count One, as well as on the valid predicate of aiding and abetting Hobbs Act robbery in Count Two.[4] [Doc. 3]. Because the § 924(c) conviction is expressly predicated by one qualifying prior, the Defendant's § 924(c) conviction remains valid and he is not actually innocent of that offense. Crawley, 2 F.4th at 263. The Court will, therefore, deny Defendant's § 2255 Motion to Vacate.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's § 2255 Motion to Vacate is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 486] is **DENIED**.

---

[4] That the Hobbs Act robbery charged in Count Two was dismissed as part of the negotiated plea in this case is irrelevant. See Crawley, 2 F.4th at 264; United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997) ("a defendant's conviction under § 924(c)(1) doesn't depend on his being convicted – either previously or contemporaneously – of the predicate offense, so long as the evidence was sufficient to permit the jury to find [the elements of the predicate offense] beyond a reasonable doubt.") (internal quotations omitted). No conviction of the robbery charge was required and, in any event, the Defendant admitted repeatedly that he committed the Hobbs Act robbery that was charged in Count Two. [See Doc. 85; Doc. 86; Doc. 296 at 5-6, 12, 19].

5

2. The Defendant's Motion to Vacate [Doc. 490] is **STRICKEN** as a duplicate of [Doc. 486].

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 12,

Max O. Cogburn Jr
United States District Judge