UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-74-MOC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| REGINALD DAUSHAWN EARL TATE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 and Motion to Appoint Counsel. (Doc. No. 511). The Government has filed a response in opposition. (Doc. No. 515). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion. Furthermore, because Defendant's Amendment 821 motion is without merit, the Court will also deny the motion to appoint counsel.

I.  Background

Between December of 2015 and January of 2016, Defendant committed three armed robberies of businesses located in or near the Eastridge Mall in Gastonia, North Carolina. (Doc. No. 165 ¶¶ 5, 10, 12–13, 17). During a robbery of a Kay Jewelers store, Defendant pointed a handgun at an employee designated to take the store's nightly deposit to the bank, stealing approximately $4,000 in cash. (Id. ¶ 5). Less than a month later, Defendant and an associate robbed an Advance Auto Parts store. (Id. ¶¶ 10, 13). During the robbery, Defendant held his gun on the store manager, demanding that he open the safe. (Id. ¶ 13). Four days later, Defendant and another associate robbed a Bath and Body Works store, pointing a gun at a store employee's

1

head as he entered the store. (Id. ¶ 17). When he committed these offenses, Defendant had previously been convicted of identity theft, conspiracy to commit robbery with a dangerous weapon, and four counts of burglary in North Carolina and Georgia state courts and possessing a firearm as a convicted felon in this Court in 2010. (Id. ¶¶ 62–63, 67–68).

A federal grand jury indicted Defendant and charged him with three counts of Hobbs Act robbery conspiracy, 18 U.S.C. § 1951; two counts of Hobbs Act robbery and one count of attempted Hobbs Act robbery, 18 U.S.C. § 1951; three counts of brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 3). Defendant entered into a plea agreement with the United States and pleaded guilty to the three Hobbs Act conspiracy offenses and one § 924(c) firearm offense. (Doc. No. 85 ¶ 1; Doc. No. 31).

This Court's probation office submitted a presentence report and calculated a total offense level of 28 for the robbery offenses. (Doc. No. 165 ¶ 55). Defendant's criminal history garnered 13 criminal-history points related to his prior convictions. (Id. ¶ 69). The probation office also assessed Defendant two criminal-history points because he committed his offense while under a criminal-justice sentence. (Id. ¶ 70). The probation office concluded that the Sentencing Guidelines advised a sentence of between 140 and 175 months in prison for the robbery offenses based on a total offense level of 28 and a criminal-history category of VI. (Id. ¶ 113). Defendant also faced a mandatory-minimum consecutive sentence of 7 years in prison for the firearm offense. (Id. ¶ 111). This Court adopted the presentence report and sentenced Defendant to a downward-variance sentence of 97 months in prison for the robbery offenses and a consecutive sentence of 84 months in prison for the firearm offense, for an aggregate sentence of 187 months in prison. (Doc. No. 283 at 2; Doc. No. 284 at 1). Defendant now asks this Court

2

to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the

3

court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is not eligible for a reduction in his sentence. As he asserts in his motion, Defendant received two criminal-history points because he committed his firearm offense while he was under a criminal-justice sentence. Under Amendment 821, he would receive only one of those criminal-history points because he had more than six criminal-history points related to his prior convictions. Without that criminal-history point, Defendant's criminal-history-point total is reduced from 15 to 14 points. His criminal-history category would remain a category VI, and his advisory guideline range would not change. See U.S.S.G. ch. 5, part A. Additionally, Defendant received a significant downward variance, and even if application of Amendment 821 had the effect of reducing his criminal-history category, the bottom of the revised range would still be greater than the sentence this Court imposed. Because application of Amendment 821 would not alter Defendant's guideline sentence, the Sentencing Guidelines would still advise a sentence of 140 to 175 months in prison for his robbery offenses. Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because application of Amendment 821 does not lower his advisory guideline range.

**ORDER**

4

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 and Motion to Appoint Counsel (Doc. No. 515) is **DENIED**.

Signed: August 7, 2024

*[signature]*

Max O. Cogburn Jr.
United States District Judge